Patrick A. Swindell (SBN 19587450)
SWINDELL LAW FIRM
106 SW 7th Ave.
Amarillo, TX 79101
(806) 374-7979
(806) 374-1991 FAX
E-mail: pat@swindellandassociates.com

**PROPOSED ATTORNEYS FOR KRISU HOSPITALITY, LLC
DEBTOR AND DEBTOR IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 19-20347 |
| KRISU HOSPITALITY, LLC, | § | (Chapter 11) |
| | § | |
| Debtor. | § | **EXPEDITED HEARING REQUESTED** |
| | § | |

## MOTION TO PAY PRE-PETITION WAGES

**TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:**

Krisu Hospitality, LLC debtor and debtor in possession ("Krisu" or the "Debtor") file this *Motion to Pay Pre-Petition Wages* (the "Motion to Pay Wages") and in support thereof would show the Court the following.

### INTRODUCTION

1.     This motion seeks authorization to make the payroll that is due to the fourteen (14) employees of the Debtor on November 12, 2019, and to authorize Centennial Bank to honor the pre-petition checks prepared for such payroll.

#### JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to, and without limitation §§ 105, 363, 507, and 1101 et seq. of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code").

3.  Venue action is proper in this Court pursuant to 28 U.S.C. § 1409.

4.  The Court may try this action to a conclusion and enter final orders under *Stern v. Marshall*, 131 S. Ct. 2594 (U.S. 2011).

## FACTUAL BACKGROUND

**The identify and background of the Debtors and Debtors in Possession.**

5.  Krisu constructed, and owns and operates the LaQuinta Inn & Suites Hotel in Pampa, Texas.

**The Commencement of the Bankruptcy Case.**

6.  On November 4, 2019, Krisu commenced the above-captioned Chapter 11 case by filing a voluntary petition.

**Factual background in support of the relief requested.**

7.  As of the Petition Date, the Debtor's work force consisted of approximately fourteen (14) full-time and part-time employees.

8.  Under the Debtor's standard payroll procedure, the next date to disburse payroll is November 12, 2019.

9.  The Debtor currently owes its employees wages for the pay period and one week ending November 7, 2019.

10. The employees are expecting their paychecks on November 12, 2019, which date would be their normal payday.

11. The Debtor estimates that its pre-petition gross wage obligation is in the aggregate amount of $5,608.94. A chart indicating the wages and other compensation to be paid on November 12, 2019 is attached hereto as **Exhibit 001** and is incorporated by reference herein (the "Pre Petition Wages").

12. The Debtor intends to issue checks and/or issue direct deposits through its existing pre-petition account(s) with Centennial Bank.

## RELIEF REQUESTED

13. Pursuant to Code §§ 363(b) and 105(a), and the "necessity of payment" doctrine, the Debtor seeks entry of an order authorizing, but not directing, the Debtor to pay the Pre-Petition Wages on November 12, 2019, in accordance with the Debtor's normal payroll procedures, in addition to payroll taxes and certain extremely limited benefit and expense items as set forth in Exhibit 001 and directing Centennial to honor and pay all payroll checks.

14. A proposed form of final order accompanies this Motion to Pay Wages and is incorporated by reference herein.

## BASIS OF RELIEF

15. As a result of the commencement of the Debtor's Chapter 11 case, and in the absence of an order of the Court providing otherwise, the Debtor will be prohibited from paying or otherwise satisfying its pre-petition obligations regarding the Pre-Petition Wages.

16. Pursuant to Code § 507(a)(4), the Debtor's employees' claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date are afforded unsecured priority status to the extent of at least $13,650 per employee (or the current, adjusted amount if greater than $13,650) (the "Cap Amount").

17. Furthermore, Code § 363(b)(1) provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

18. Under Code § 105, the Court also may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Code.

19. Because the Pre-Petition Wages constitute priority claims which must be paid in full pursuant to Code § 1129(a)(9) in order to confirm a plan of reorganization, payment of such obligations at this time merely affects the timing of such payments.

20. The Debtor does not have any employees who are owed more than the Cap Amount.

21. The Debtor's employees are essential to the success of the Debtor's business. The Debtor's business is entirely dependent on its employees and their labor in maintaining operations. Any interruption in the delivery of the Debtor's payroll to its employees will severely impact the Debtor's ability to operate and ultimately impact the Debtor's reorganization.

## RESERVATION OF RIGHTS

22. Krisu reserves the right to amend and/or supplement this Motion to Pay Wages prior to any hearing, including particularly with respect to Exhibit 001.

## NOTICE

23. Krisu through the undersigned counsel has provided notice of this Motion to Pay Wages and the related request for an expedited hearing to the parties entitled to notice under L.B.R. 9007-1(b) and by electronic means where available.

24. As indicated below, a Certificate of Service separate from this Motion to Pay Wages will be filed.

## CONCLUSION AND PRAYER

WHEREFORE, Krisu Hospitality, LLC, the debtor and debtor-in-possession, respectfully requests that the Court enter an order granting the Motion to Pay Wages and the relief requested herein including authorizing the Debtor to pay the Pre-Petition Wages in addition to payroll taxes and certain extremely limited benefit and expense items, and to

order Centennial to honor all payroll checks, grant such other and further relief to which the Debtor is entitled at law or in equity.

Dated: November 6, 2019    Respectfully submitted:

**SWINDELL LAW FIRM**

By:  */s/ Patrick A. Swindell*
Patrick A. Swindell
State Bar No. 19587450
106 SW 7th Ave.
Amarillo, TX 79101
(806) 374-7979
(806) 374-1991 FAX
E-mail: pat@swindellandassociates.com

PROPOSED ATTORNEYS FOR KRISU HOSPITALITY, LLC , DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

A separate Certificate of Service will be filed.

*/s/ Patrick A. Swindell*
Patrick A. Swindell

| | EXHIBIT 001 | | |
|---|---|---|---|
| | **Payroll Information** | | |
| | Assumes Nov. 4 2019 petition date | | |
| | *Numbers are GROSS prior to withholdings* | | |
| **Employee Name** | **Total Wages Due Pay Period START Date to 11/4/2019** | **Total Wages Due 11/5/2019 to Pay Period END Date** | **TOTAL WAGES TO BE PAID** |
| Connie Viescas | 785.71 | 214.29 | 1,000.00 |
| Kelli Beck | 0.00 | 0.00 | 0.00 |
| Beverly Culver | 210.72 | 0.00 | 210.72 |
| Adela Elizondo-Munos | 491.25 | 0.00 | 491.25 |
| Marisol Fuentes | 548.85 | 0.00 | 548.85 |
| Elizabeth Garcia | 312.98 | 0.00 | 312.98 |
| Alisha Hanna | 525.07 | 0.00 | 525.07 |
| Robert Johnson | 500.90 | 0.00 | 500.90 |
| San Juana Machado Cas | 191.32 | 0.00 | 191.32 |
| Maribel Mejia | 397.20 | 0.00 | 397.20 |
| Perla Morales | 454.30 | 0.00 | 454.30 |
| Rozal Ojeda | 132.00 | 0.00 | 132.00 |
| Blanca Silva | 340.00 | | 340.00 |
| Erika Tello | 504.35 | | 504.35 |
| | | | 0.00 |
| | | | 0.00 |
| | | | |
| **TOTALS** | **5,394.65** | **214.29** | **5,608.94** |